UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC, | Civil Action No.: 4:08-cv-1797-TLW-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| JAMES F. SHEEDY, JR. and JIMMAGAN'S, INC., | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff brings this action pursuant to 47 U.S.C. § 553 for the unauthorized reception of cable service and 47 U.S.C. § 605 for the unauthorized publication or use of communications. Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 38). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Plaintiff's Motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II.   PROCEDURAL HISTORY

Plaintiff filed this action on May 5, 2008. Defendants James F. Sheedy, Jr. and Jimmigan's Inc. filed an Answer (Document # 7) through counsel. Counsel for Defendants subsequently filed a Motion to Withdraw as Counsel (Document # 18). A hearing was scheduled on this, and other, motions, and, at the direction of the court, counsel for Defendants notified them that their presence at the hearing was required. Defendants did not appear. The court granted the Motion to Withdraw as Counsel. In an Order (Document # 27) filed June 23, 2009, Defendants James F. Sheedy, Jr. and

Jimmigan's Inc., were given thirty days from the date of the hearing to obtain new counsel and for new counsel to file a notice of appearance. In the Order, the court noted that Defendant James F. Sheedy, Jr. could proceed without counsel, but warned that, as a corporation, Defendant Jimmigan's Inc. could not proceed pro se. The court further warned that Jimmigan's Inc. would be in default if no Notice of Appearance was filed on its behalf within 30 days. No Notice of Appearance has been filed on behalf of either James F. Sheedy, Jr. or Jimmigan's, Inc. Plaintiff filed the present Motion for Default Judgment (Document # 38) on February 10, 2010.

### III. DISCUSSION

Plaintiff moves for default judgment pursuant to Rule 55(b), Fed.R.Civ.P., against both James F. Sheedy, Jr. and Jimmigan's, Inc. Both Defendants filed an Answer (Document # 7). Accordingly, Defendant James F. Sheedy, Jr., who is now proceeding pro se, is not in default. However, Defendant Jimmigan's, Inc. was warned that, because a corporation cannot proceed pro se, if it did not retain counsel, it would be in default. No Notice of Appearance has been filed on behalf of Jimmigan's, Inc. Thus, it is recommended that the Answer be stricken as to Jimmigan's Inc. only and that the Clerk of Court make an Entry of Default in the record as to Jimmigan's, Inc. pursuant to Rule 55(a), Fed.R.Civ.P.

However, in light of the fact that Defendant James F. Sheedy, Jr. has answered and his liability has not yet been resolved, the determination of whether default judgment is proper as to Jimmigan's, Inc. must be made in light of Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872) and Rule 54(b), Fed.R.Civ.P.

In Frow, the plaintiff alleged that fourteen defendants conspired to defraud him. After initial entry of default judgment against the non-appearing defendants, the trial court subsequently found

in favor of the remaining defendants that no fraud had occurred. The Supreme Court found the result to be "unseemly and absurd." Id. at 554. The Supreme Court reversed the result, noting,

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id.

> Rule 54(b), Fed.R.Civ.P., provides that
>
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Id.

Frow's vitality has been questioned since the adoption of Rule 54(b). However, "although many jurisdictions have construed Frow to bar entry of default judgment against one of several defendants only of the theory of recovery is one for true joint and several liability, the Fourth Circuit has interpreted Frow more broadly." Jefferson v. Briner, Inc., 461 F.Supp.2d 430, 434-35 and n.6 (E.D.Va. 2006). In United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1962),

one defendant answered while another did not. Id. at 943. The district court entered default judgment against the nonresponding party. Id. In holding the default judgment against the nonresponding party to be premature, the Fourth Circuit held,

> Although Frow was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several.

Id. at 944. The Hudson court also noted that Frow applies even when co-defendants are alleged to be "closely interrelated." Id. at 945.

As recently noted by the district court for the Eastern District of Virginia,

> if Frow still stands for anything, it explicates a cautionary warning to the courts: logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment are to be avoided. Thus, the avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason for delay" within the meaning of Rule 54(b).

Jefferson, 461 F.Supp.2d at 434 (citing Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D.Va.2000)).

In the present case, there is "just reason" to delay an entry of default judgment against Jimmigan's, Inc. Plaintiff sets forth four causes of action in its Complaint and does not distinguish between the two Defendants with regards to liability as to any of the causes of action. Accordingly, the proper path on which to proceed with regard to Jimmigan's, Inc. is to await a final ruling on the merits as to Sheedy before entering any judgment as to Jimmigan's, Inc.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that the Answer of Defendant Jimmigan's, Inc., be stricken and that an Entry of Default be made as to Defendant Jimmigan's, Inc. only for its

failure to obtain counsel as directed by the Court. It is further recommended that Plaintiff's Motion for Default Judgment (Document # 38) be denied as improper as to Defendant James F. Sheedy, Jr. and as premature as to Defendant Jimmigans, Inc.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 13, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**